UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHEL HERNANDEZ
DELGADO,

      Petitioner,

  v.                          Case No.:  2:26-cv-00686-SPC-NPM

WARDEN,

      Respondent,

_____/

## OPINION AND ORDER

Before the Court are petitioner Michel Hernandez Delgado's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 8).

Hernandez Delgado is a native of Cuba who entered the United States in 2001.  Immigration and Customs Enforcement ("ICE") commenced removal proceedings in 2011, and an immigration judge ordered him removed in 2012. In May 2012, ICE released Hernandez Delgado under an order of supervision.

On November 7, 2025, Hernandez Delgado reported to ICE for a routine check-in, and ICE revoked his release and detained him.  Hernandez Delgado argues his detention without a bond hearing is unjustified and excessively prolonged.

Hernandez Delgado is not entitled to a bond hearing.  Because he is subject to a final order of removal, his detention is governed by 8 U.S.C. §

1231(a).  The Supreme Court has held that § 1231(a) does not require bond hearings.  *Johnson v. Arteaga-Martinez*, 596 U.S. 573, 582 (2022).

Hernandez Delgado also challenges the duration of his confinement. "Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final.  *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute."  533 U.S. at 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal."  *Id.* at 699.  The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]."  *Id* at 701.  So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days.  *Id.*  Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The government argues Hernandez Delgado's petition is premature because his current detention has not exceeded 180 days. It assumes the six-month presumptively reasonable period of detention resets each time a noncitizen is detained. That assumption is inconsistent with *Zadvydas*. It would effectively allow DHS to detain noncitizens indefinitely and avoid judicial scrutiny by releasing and re-detaining them every 180 days. As the Eleventh Circuit recognized, "[t]he Supreme Court's stated rationale for establishing a presumptively reasonable '6-month period' for detention pending removal supports our conclusion that this period commences at the beginning of the removal period." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.3 (11th Cir. 2002).

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Hernandez Delgado has not carried his initial burden. The record before the Court contains no information about past or present efforts to execute the removal order, except for a vague claim that Hernandez Delgado refused removal to Mexico. Even when reading his *pro se* petition liberally, there is no basis for

the Court to conclude that removal is not likely in the reasonably foreseeable future.

Because Hernandez Delgado has not carried his initial burden under *Zadvydas*, the Court will dismiss his petition without prejudice. If Hernandez Delgado can establish a good reason to believe removal is not likely in the reasonably foreseeable future, he may file a new petition.

Accordingly, it is hereby

**ORDERED:**

Michel Hernandez Delgado's Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED without prejudice**. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on March 24, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record